# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RODNEY NIGEL PHILLIPS, JR.,**
**Inmate # 003780,**

    **Plaintiff,**

vs.                                              Case No. 4:24cv15-WS-MAF

**STATE OF FLORIDA, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a pretrial detainee at the Hendry County Jail in LaBelle, Florida, initiated this case by submitting a civil rights complaint under 42 U.S.C. § 1983.  ECF No. 1.  An Order was entered advising Plaintiff of two problems with the initiation of this case.  ECF No. 3.

    The first problem was that Plaintiff did not pay the filing fee for this case or file an in forma pauperis motion.  *Id.*  To proceed, Plaintiff was directed to do one or the other by February 16, 2024.  *Id.*  Plaintiff has belatedly submitted an incomplete motion for leave to proceed in forma pauperis.  ECF No. 5.  The motion is not supported by a copy of Plaintiff's

inmate bank account statement. Additionally, Plaintiff submitted only the first page of the Prisoner Consent Form and did not return the necessary signature page )page 2 of the form). Accordingly, the in forma pauperis motion is insufficient as filed and Plaintiff cannot at this point be granted leave to proceed with in forma pauperis status.

Review of that motion, along with a separately submitted motion for a subpoena, ECF No. 6, also indicates Plaintiff is having difficulties retrieving copies of his account statement. ECF No. 5-1. Plaintiff further complains about a "pay card" and trouble accessing information about deposits. ECF No. 6. That information, as presented within Plaintiff's motion for a subpoena, is not fully legible on the Court's electronic docket. However, that information is relevant to the second problem with the initiation of this case.

As noted above, Plaintiff is detained in the Hendry County Jail. ECF No. 1 at 2. The Defendants listed in the complaint are also from Hendry County, Florida, and the events necessarily took place there. Hendry County is within the jurisdiction of the United States District Court for the Middle District of Florida, Fort Myers Division. At the outset it appeared that this case was initiated in the wrong Court as venue is proper in the

Case No. 4:24cv15-WS-MAF

Middle District.  *See* 28 U.S.C. § 89(b).  However, if Plaintiff did not comply with the Order to file an in forma pauperis motion, this case would simply be dismissed.

In light of Plaintiff's belated in forma pauperis motion, and the fact that Plaintiff addresses problems specific to the jail where he is housed, it appears more prudent to transfer this case.  The Middle District will presumably be more familiar with the process required by inmates at the Hendry County Jail to support their in forma pauperis motions.  That Court is in a better position to resolve Plaintiff's difficulties in filing a properly supported in forma pauperis motion.

The venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."  28 U.S.C. § 1391(b)(1),(2).  This case has been initiated in the wrong district.  Venue is appropriate in the Middle District of Florida because the Defendants reside there, Plaintiff is located there, and Plaintiff's claims took place in the Hendry County Jail.  The proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in

the United States District Court for the Middle District of Florida, Fort Myers Division.

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may raise the issue of defective venue sua sponte, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010); Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). Justice is better served by transferring this case to the appropriate forum rather than dismissing it. There is no need for a hearing prior to directing transfer.

The Middle District of Florida is the proper forum for this case. That Court should resolve the issue of Plaintiff's filing fee and is in the best position to determine if Plaintiff is entitled to in forma pauperis status.

## RECOMMENDATION

In light of the foregoing, and pursuant to 28 U.S.C. § 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United

States District Court for the Middle District of Florida, Fort Myers Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 13, 2024.

   S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:24cv15-WS-MAF